UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

       Plaintiff,

  v.                                      21-CV-398-LJV-JJM
                                           DECISION & ORDER
PAOLO PROVENZI, *et al.*,

       Defendants.

---

On March 17, 2021, the plaintiff, the United States of America (the "government"), filed a complaint for interpleader and injunctive relief. Docket Item 1. More specifically, the complaint explained, United States Customs and Border Patrol had seized a 1996 Ferrari F50 worth approximately $2 million, but the government was "in great doubt as to which [of two] [c]laimant[s] may be entitled to the [Ferrari]." *Id.* at ¶¶ 4-5, 11, 20. The case was referred to United States Magistrate Judge Jeremiah J. McCarthy for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Docket Items 11, 22.

On August 21, 2023, two of the defendants, Ikonick Collection, Ltd., and Mohammet Alsaloussi (the "Ikonick defendants"), moved for return of property under Federal Rule of Criminal Procedure 41(g). Docket Item 79. The government and defendant Paolo Provenzi responded, Docket Items 83 and 84, and the Ikonick defendants replied, Docket Item 85.

Judge McCarthy then issued a Report and Recommendation ("R&R") finding that the Ikonick defendants' motion should be denied. Docket Item 87. The Ikonick

defendants objected to the R&R, Docket Item 88; the government and Provenzi responded, Docket Items 94 and 96; and the Ikonick defendants replied, Docket Item 97.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

This Court has carefully and thoroughly reviewed the R&R; the record in this case; the objection, responses, and reply; and the materials submitted to Judge McCarthy. Based on that *de novo* review, the Court accepts and adopts Judge McCarthy's recommendation to deny the Ikonick defendants' motion for return of property.

## **DISCUSSION**

The Court assumes the reader's familiarity with the factual background of this case, *see* Docket item 45 at 4-6, and Judge McCarthy's analysis in the R&R, *see* Docket Item 87.

The Ikonick defendants first argue that Judge McCarthy incorrectly required them to prove lawful ownership of the Ferrari. Instead, the Ikonick defendants say, because the "governmental proceedings relating to seized property have concluded," it is "'the government [that] must demonstrate that it has a legitimate reason to retain the

property.'"  Docket Item 88 at 8[1] (quoting *United States v. Shazad*, 2023 WL 3611543, at *1 (E.D. Pa. May 22, 2023)).

But as the government observes, "the Ikonick [d]efendants, as a preliminary matter, must establish lawful ownership before bringing a Rule 41(g) motion."  Docket Item 94 at 7-8; *see also United States v. Seabrook*, 2021 WL 965772, at *2 (S.D.N.Y. Mar. 15, 2021) ("To prevail on a Rule 41(g) motion, the moving party 'must demonstrate that (1) *he is entitled to lawful possession of the seized property*; (2) the property is not contraband; and (3) either the seizure was illegal or the government's need for the property as evidence has ended.'" (emphasis added) (quoting *Ferreira v. United States*, 354 F. Supp. 2d 406, 409 (S.D.N.Y. 2005))); *cf. Shazad*, 2023 WL 3611543, at *2 (granting motion for return of property when "the [g]overnment concede[d] that the jewe[lr]y [wa]s the property of [the movant]").

This Court agrees with Judge McCarthy that the Ikonick defendants have failed to make such a showing.  As Judge McCarthy noted, this Court previously found that New York law governs and that under New York law, a good-faith purchaser has no right to stolen property.  *See* Docket Item 87 at 4-5.  And based on the record, this Court agrees with Judge McCarthy that the Ikonick defendants have not shown by a preponderance of the evidence that the Ferrari was not stolen.  *See id.* at 5.

Nor is an evidentiary hearing necessary, as the Ikonick defendants assert.  *See* Docket Item 88 at 13-15.  Rather, this Court agrees with the government that because the pending interpleader action "will afford the parties an equitable remedy to their

---

[1] Page numbers in docket citations refer to ECF pagination.

competing claims of ownership," Docket Item 94 at 10, an evidentiary hearing under Rule 41(g) is unnecessary.

Finally, the Ikonick defendants argue that Provenzi's cross-claims have no bearing on their motion. *See* Docket Item 88 at 15-16 ("The instant motion is about the Ikonick [d]efendants' right to *possession* of the [Ferrari] vis-à-vis the government's taking. *Ownership* of the [Ferrari], or [d]efendant Provenzi's right to obtain damages for unjust enrichment, would presumably be adjudicated in [d]efendant Provenzi's cross-claims . . . ." (emphasis in original)). Again, this Court agrees with the government that regardless of the ultimate merit of Provenzi's cross-claims, those claims demonstrate "that there are competing claims of lawful ownership regarding the [Ferrari] which must be resolved though the interpleader action." Docket Item 94 at 10.

## **CONCLUSION**

For the reasons stated above and in the R&R, the Ikonick defendants' motion for return of property, Docket Item 79, is DENIED. The case is referred back to Judge McCarthy for further proceedings consistent with the referral order of May 13, 2021, Docket Item 22.

SO ORDERED.

Dated: March 11, 2024
          Buffalo, New York

                                          */s/ Lawrence J. Vilardo*
                                         LAWRENCE J. VILARDO
                                         UNITED STATES DISTRICT JUDGE