UNITED SATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
UNITED STATES OF AMERICA,               Case No. 21-cv-00398-LJV-JJM

                     Plaintiff,

      -v-

PAOLO PROVENZI, IKONICK COLLECTION
LTD, and MOHAMMED ALSALOUSSI,

                     Defendants.
-----------------------------------------------------------------X

### DECLARATION OF ADAM MICHAEL LEVY
### IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT

ADAM MICHAEL LEVY, pursuant to 28 U.S.C. § 1746, hereby declares the following:

1.     I am *Of Counsel* to Cinotti, LLP, attorneys for defendant Paolo Provenzi ("Provenzi") in this action. I am fully familiar with the facts and circumstances of this action based on my review of the file maintained by our offices.

2.     I make this declaration pursuant to Fed. R. Civ. P. 55(b)(2), Rule 55(b) of the Local Rules of Civil Procedure for the Western District of New York, the Court's individual practices and the directives/Orders made in these proceedings, in support of Provenzi's motion for the entry of a default judgment against defendant Ikonick Collection Ltd ("Ikonick").

3.     Plaintiff commenced this interpleader action as a stakeholder after the United States Customs and Border Patrol ("CBP") seized and recovered a stolen 1996 Ferrari F50 bearing VIN ZFFTA46B000105810 (the "Ferrari") that Ikonick attempted to import into the United States. Ikonick is a business corporation incorporated in Alberta, Canada (ECF No.[1] 31-5 at pp. 29-31) and Defendant, Mohammed Alsaloussi ("Alsaloussi") (Ikonick together with Alsaloussi, the

---

[1] All references to "ECF No." are to those documents already on the Court's docket that have been filed with the Court.

"Ikonick Defendants"), is the sole shareholder, officer and director of Ikonick. See pages 70-71 of the transcript of the deposition of Mohamed Alsaloussi, copies of which are attached hereto as Exhibit "A".

4. On February 19, 2003, the Ferrari was duly purchased by an Italian partnership, AUTOEXOTIC S.A.S. di PAOLO PROVENZI & C. ("Autoexotic"), and then duly registered in Italy. ECF Nos. 24-1 ¶¶ 2, 4; 24-2, 24-3. At that time, Autoexotic had three partners: Provenzi himself, Provenzi's brother Roberto Provenzi, and Provenzi's father Remigio Provenzi. ECF Nos. 24-1 ¶ 3.

5. On March 20, 2003, the Ferrari was stolen from Autoexotic from a hotel parking garage in Imola, Italy. *Id.* ¶ 6. Theft reports were filed with both the Italian police and the International Criminal Police Organization ("Interpol"), and the Ferrari remains listed as stolen with these authorities. *Id.*

6. Despite being reported and recorded as stolen, the Ferrari was apparently sent to Japan where it remained for a number of years. ECF No. 31-3 at 17-19.

7. In or around September of 2019, a company known as Sabe Japan International Co. Ltd. ("Sabe") exported the Ferrari to C.A.R. Leasing of Montreal, Quebec (C.A.R.), a specialty reseller of luxury and exotic automobiles. C.A.R. imported the Vehicle into Quebec, Canada, for Ikonick's benefit. ECF No. 31-5 at p. 16.

8. Prior exporting the Ferrari to Canada, in March of 2019, Sabe's representative offered Provenzi a payment of €100,000.00 in exchange for withdrawing the stolen vehicle report so that the Ferrari could be sold to others with "clean title" and to remove the stolen vehicle designation. Provenzi refused the proposal and the incident was reported to the Italian authorities. ECF No. 33-8 ¶¶ 5-6, 8.

9. Indeed, Sabe knew that the Ferrari had been reported stolen, and various documents exchanged between Sabe and Ikonick/Ikonick's intermediaries in the transaction that led Ikonick to acquire the Ferrari expressly identified that the Ferrari had been "previously reported stolen." ECF No. 33-1, 33-2 and 33-3.

10. In December 2019, Ikonick acquired the Ferrari from C.A.R. and allegedly registered it in Alberta, Canada. ECF No. 33-5 at Ex. "H". After registering the Ferrari, Ikonick filed documents with CBP with the intention of importing the Ferrari into the United States. ECF No. 31-5 at 25-26.

11. The Ferrari thereafter entered the United States via a Buffalo, New York border crossing, where CBP discovered that the Vehicle Identification Number plate had been tampered with. Upon further investigation and inspection, CBP learned that the Ferrari had been reported stolen in 2003 in Italy. CBP then seized the Ferrari and initiated forfeiture proceedings.

12. Both the Ikonick Defendants and Provenzi[2] filed petitions for remission of the Ferrari with the CBP. After Provenzi's Petition was granted and Ikonick's Petition was denied (ECF Nos. 1 at ¶ 16; 33, 1-7), Plaintiff commenced this interpleader proceeding on March 17, 2021 in order that this Court could determine which party was entitled to the Ferrari. ECF No. 1 ¶¶ 5-12.

13. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 and 1335 because the value of the property in possession of Plaintiff United States of America exceeds $500 in value, and because the adverse claimants are citizens of a state, Florida (Alsaloussi) and citizens or subjects of foreign states, Italy (Provenzi) and Canada (Ikonick).

---

[2] Autoexotic dissolved in November 2015, and Autoexotics' dissolution documents and internal agreements designated Provenzi as the sole owner of the Ferrari. ECF No. 24 – 1 at ¶ 9; 24 – 5 through 7.

14. On April 7, 2021, the Ikonick Defendants filed their Answer with Cross-Claims, in which they claimed that the Ferrari was registered in Alberta Canada in the name of Ikonick. ECF No. 9 at ¶ 30. Permission was later granted to amend the Answer with Cross-Claims. ECF No. 45.

15. On April 7, 2021, Provenzi filed his Answer with Counterclaims and Cross-Claims, (ECF No. 10), in which Provenzi asserted claims to the Ferrari under multiple theories, including Replevin, Declaratory Judgment, and Trespass to Chattel.

16. On April 28, 2021, the Ikonick Defendants filed their Answer to Provenzi's Cross-Claims. ECF No. 14.

17. On April 28, 2021, Provenzi filed his Answer to the Ikonick Defendants' Cross-Claims. ECF No. 15.

18. On June 4, 2021, Plaintiff filed its Reply to Defendant's Counterclaims. ECF No. 23.

19. The parties thereafter engaged in motion practice and other proceedings before the Court, which included Provenzi making a motion for partial summary judgment seeking, among other things, the immediate return of the Ferrari. ECF no. 21. Via Decision and Order of the Honorable Lawrence J. Vilardo dated July 6, 2022, the Court ultimately held that the Court would be applying New York law to determine the parties' property interests, and in so doing, recognized that "a thief cannot pass good title" and that "a purchaser cannot acquire good title from a thief." ECF No. 45, p. 22. The Court also recognized that Under New York law, if the alleged theft victims "'ma[ke] a threshold showing that they have an arguable claim to the [property],' the burden is placed on 'the current possessor[] to prove that the [property] was not stolen.'" *Id.* (citations omitted). Nevertheless, the Court denied Provenzi's summary judgment motion to permit the

parties to engage in certain discovery concerning, among other things, the "circumstances surrounding the alleged theft of the [Ferrari] in 2003." *Id.*

20. After certain discovery was conducted and additional proceedings were held before the Court, on March 29, 2024, Neville Peterson LLP, counsel for the Ikonick Defendants, moved to withdraw as counsel. ECF No. 104. The Ikonick Defendants were directed to respond to the motion to withdraw by April 17, 2024, with a conference set for April 19, 2024. ECF No. 107. The Ikonick Defendants neither appeared at the conference, nor filed any response to the motion to withdraw. ECF No. 109.

21. Neville Peterson LLP's motion was thereafter granted by the Court. Alsaloussi was deemed to proceed with representing himself *pro se* in the action because he had not procured new counsel to represent him. Since Ikonick is a corporation, the Court directed Ikonick to appear by new counsel on or before May 1, 2024, or else be held in default. ECF No. 110.

22. Alsaloussi thereafter requested, on behalf of the Ikonick Defendants, an extension of time to appear by counsel, which was granted. Ikonick was then ordered to appear by counsel on or before May 15, 2024, "failing which it may be held in default." The Court also scheduled a telephonic conference for May 21, 2024. ECF No. 112.

23. Ikonick did not appear via counsel on or before May 15, 2024.

24. At the conference held on May 21, 2024 before Hon. Jeremiah J. McCarthy, Ikonick again failed to appear by counsel. As a result, and upon Provenzi's counsel's request, Ikonick was held in default pursuant to W.D.N.Y. Local Rule 55(c). ECF No. 113. The Court accordingly issued an order which declared Ikonick "to be in default due to its failure to appear through counsel in accordance with [the Court's] May 1, 2024 Text Order." ECF No. 114. The Court ordered that

5

Provenzi "may move for a default judgment against Ikonick" and dispensed with any requirement that Provenzi seek a Clerk's Certificate of Default prior to making the instant motion. *Id.*

25.     This Motion now follows.  As of the date of this Motion, Ikonick has not appeared in this action via counsel and remains in default.

26.     As pleaded in Provenzi's Answer, and requested in Provenzi's Motion for Partial Summary Judgment, ECF No. 24, Provenzi seeks herein a default Judgment:

i)   Of replevin on the First Counterclaim and Cross-Claim set forth in Provenzi's Answer with Counterclaims and Cross-Claims herein dated April 7, 2021 (the "Provenzi Answer"), granting to Provenzi the immediate return of exclusive possession, custody and control over the vehicle identified in the Interpleader Complaint dated March 17, 2021, (the "Interpleader Complaint") of the Plaintiff herein, United States of America ("Plaintiff"), as a 1996 Ferrari F130bd, a/k/a Ferrari F50 Chassis with Vehicle Identification Number ZFFTA46B000105810 (the "Vehicle"), and directing all parties to turn over the Vehicle to Provenzi;

ii)  On the Second Counterclaim and Cross-Claim set forth in the Provenzi Answer, a declaration pursuant to Fed.R.Civ.Pro. § 57:
   (a) Declaring Provenzi to be the sole and exclusive owner of all right, title and interest in and to the Vehicle;
   (b) Declaring and holding that defendant Ikonick, its agents, representatives, employees, heirs, predecessors, successors, assigns and attorneys, and all other persons except for Provenzi, are forever barred of and from any claim or interest, ownership, possessory or otherwise, in or to the Vehicle;
   (c) Permanently enjoining Ikonick, along with its agents, representatives, employees, heirs, predecessors, successors, assigns and attorneys, of and from transferring, hypothecating, assigning, pledging or taking any action which would encumber or affect in any manner Provenzi's interest in the Vehicle;
   (d) In the event Ikonick, its agents, representatives, employees, heirs, predecessors, successors, assigns and attorneys, has obtained, or currently maintain, possession, custody or control of the Vehicle, directing it to immediately surrender and deliver the Vehicle to Provenzi; and
   (e) To the extent there are any declarations not expressly requested above regarding the rights and obligations of the parties that are necessary for a complete resolution of the relief requested herein, declaring that they be made in Provenzi's favor and against Ikonick;

iii) Dismissing in their entirety Ikonick's "Claim to Property" and "Cross-Claims" as set forth in the "Answer, Claim to Property, and Cross-Claims of Defendants Ikonick Collection Ltd., and Mohammed Alsaloussi" dated April 7, 2021; and

    iv)    Granting Provenzi such other and further relief as this Court deems just and proper.

27.    For purposes of this Motion and provided it is granted to the extent sought herein, Provenzi is not seeking money damages solely as against Ikonick and as a result, an inquest or further hearing on damages is therefore unnecessary. *See, ex.,* <u>Abshier v. Sunset Recordings, Inc</u>., 2015 U.S. Dist. LEXIS 152505, *26 (S.D.N.Y. 2015).

28.    Ikonick, being a private corporation incorporated under the laws of Alberta, Canada, is not an infant, nor incompetent person, nor in the military.  Based on the representations made by Ikonick's former counsel (ECF Nos. 105, 110, 111), Ikonick maintains an address located at Ikonick Collections Ltd., 14619 Ravine Point, Edmonton, Alberta, Canada T5N481.

29.    Finally, and since Alsaloussi maintains <u>no</u> personal claim of ownership over the Ferrari and has <u>not</u> otherwise demonstrated any ownership of the Ferrari beyond his mere interest in the corporate entity Ikonick (ECF Nos. 45 at p. 1; 31-5 at p. 27-33), there is no remaining impediment to awarding Provenzi the relief sought herein. Indeed, his claims to the Ferrari (if any) are co-extensive with that of Ikonick and the Ikonick Defendants have repeatedly maintained that the Ferrari is owned and registered in the name of Ikonick in Alberta, Canada. *Id*.

WHEREFORE, defendant Paolo Provenzi requests entry of a default judgment against Ikonick in the following manner:

    i)    On the First Counterclaim and Cross-Claim set forth in Provenzi's Answer with Counterclaims and Cross-Claims herein dated April 7, 2021 (the "Provenzi Answer"), granting to Provenzi the immediate return of exclusive possession, custody and control over the vehicle identified in the Interpleader Complaint dated March 17, 2021, (the "Interpleader Complaint") of the Plaintiff herein, United States of America ("Plaintiff"), as a 1996 Ferrari F130bd, a/k/a Ferrari F50 Chassis with Vehicle Identification Number ZFFTA46B000105810 (the "Vehicle"), and directing all parties to turn over the Vehicle to Provenzi;

    ii)    On the Second Counterclaim and Cross-Claim set forth in the Provenzi Answer, granting a declaration pursuant to Fed.R.Civ.Pro. § 57:

    (a) Declaring Provenzi to be the sole and exclusive owner of all right, title and interest in and to the Vehicle;

    (b) Declaring and holding that defendant Ikonick, its agents, representatives, employees, heirs, predecessors, successors, assigns and attorneys, and all other persons except for Provenzi, are forever barred of and from any claim or interest, ownership, possessory or otherwise, in or to the Vehicle;

    (c) Permanently enjoining Ikonick, along with its agents, representatives, employees, heirs, predecessors, successors, assigns and attorneys, of and from transferring, hypothecating, assigning, pledging or taking any action which would encumber or affect in any manner Provenzi's interest in the Vehicle;

    (d) In the event Ikonick, its agents, representatives, employees, heirs, predecessors, successors, assigns and attorneys, has obtained, or currently maintain, possession, custody or control of the Vehicle, directing it to immediately surrender and deliver the Vehicle to Provenzi; and

    (e) To the extent there are any declarations not expressly requested above regarding the rights and obligations of the parties that are necessary for a complete resolution of the relief requested herein, declaring that they be made in Provenzi's favor and against Ikonick;

iii) Dismissing in their entirety Ikonick's "Claim to Property" and "Cross-Claims" as set forth in the "Answer, Claim to Property, and Cross-Claims of Defendants Ikonick Collection Ltd., and Mohammed Alsaloussi" dated April 7, 2021; and

iv) Granting Provenzi such other and further relief as this Court deems just and proper.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
June 13, 2024

CINOTTI LLP
*Attorneys for Defendant/Counterclaimant/ Cross-Claimant Paolo Provenzi*

By:    s/ Adam Michael Levy
Adam Michael Levy, *Of Counsel*
11 Broadway, Suite 368
New York, NY 10004
T: (212) 825-0489
F: (646) 478-9147
E: alevy@cinottilaw.com