UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA                         Case No.: 1:21-cv-00398

                         Plaintiff,

v.

PAOLO PROVENZI
IKONICK COLLECTION LTD.
MOHAMMED ALSALOUSSI

                         Defendants.
_____

**DEFENDANT IKONICK COLLECTION LTD.'S MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION TO VACATE THE DEFAULT JUDGMENT**

**LIPPES MATHIAS LLP**

Brendan H. Little, Esq.
Sean M. O'Brien, Esq.
*Attorneys for Defendants Ikonick Collection, LTD and
Mohammed Alsaloussi*
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202
T: (716) 853-5100
F: (716) 853-5199
E: blittle@lippes.com
E: sobrien@lippes.com

## PRELIMINARY STATEMENT

Defendant Ikonick Collection LTD ("Ikonick") brings this motion seeking to vacate the Court's Report and Recommendation entering default judgment for its failure to timely obtain counsel (the "Motion").

As this Court is aware, Ikonick was previously represented by counsel who litigated this matter for years on its behalf. However, because of a dispute over the payment of attorneys' fees, Ikonick's counsel requested permission to withdraw as counsel for the company. That application was granted and Ikonick was provided time to obtain new counsel.

Ikonick, acting under the misguided assurance that it would be able to re-negotiate the retention of its previous counsel, did not immediately or proactively take action to retain new counsel. Despite its best efforts to re-engage previous counsel, Ikonick was unable to do so prior to this Court entering default against it for failure to confirm representation.

Now, however, Ikonick has engaged new counsel and requests that the default entered against it be vacated. As detailed below, it belies any equitable notion of fairness to continue to hold Ikonick in default on the record before the Court. Additionally, as Defendant Mohammed Alsaloussi ("Alsaloussi"), the owner of Ikonick, has not defaulted and has a claim to the property in question, Defendant Paolo Provenzi ("Provenzi") and Plaintiff the United States of America ("Plaintiff") are not subject to any material prejudice by vacating the default judgment entered against Ikonick.

For years, this lawsuit has been litigated on the merits. An administrative hiccup, which has now been remedied, should not deprive Ikonick of its ability to pursue its substantive claim to the property at issue.

## PROCEDURAL BACKGROUND

On March 17, 2021, Plaintiff filed a Complaint for Interpleader and Injunctive Relief in this Court. (Doc. 1). Specifically, Plaintiff sought relief stemming from the United States Department of Homeland Security's seizure of a vehicle (the "Property") at the Peace Bridge Port of Entry, Buffalo, New York. (Doc. 1).

On April 7, 2021, Ikonick and Alsaloussi answered the Complaint and made a claim to the Property. (Doc. 9). That same day, Provenzi also answered the Complaint and made claim to the Property. (Doc. 10). Over the course of the following three years, Ikonick has sought and responded to discovery, intending to demonstrate that it and Alsaloussi are the full legal owners of the Property.

On March 29, 2024, Iknonick's former counsel requested an order from this Court granting its application to withdraw as counsel for Ikonick and Alsaloussi. (Doc. 104). Neither Ikonick nor Alsaloussi opposed the motion to withdraw, which was granted on April 19, 2024. (Doc. 110). This Court's text Order granting the motion to withdraw stated, *inter alia*, that Ikonick was required to obtain new counsel. (Doc. 110).

On May 1, 2024, this Court entered a text Order granting Ikonick an extension of time, through May 15, 2024, to obtain new counsel, and scheduled a status call for May 21, 2024. (Doc. 112). On May 21, 2024, Alsaloussi appeared and informed the Court Ikonick was attempting to re-negotiate with its former counsel to continue to represent it in this lawsuit. Notwithstanding, this Court determined that Ikonick was in default. (Doc. 112). The Court's text Order states that "[i]f counsel subsequently appears and seeks to set aside the default, the court will consider that application." (Doc. 112).

On June 13, 2024, Provenzi moved for default judgment against Ikonick and Alsaloussi.

(Doc. 115). Four days later, this Court entered a Report & Recommendation (the "R&R") granting Provenzi's Motion for Default (the "Default"), in part. (Doc. 117). Specifically, the R&R denied Provenzi's motion for default as it pertained to Alsaloussi, individually. (Doc. 117). The R&R required any objections to be filed on or before July 1, 2024. (Doc. 117).

On July 1, 2024, Alsaloussi filed a letter requesting an additional 30 days to object to the R&R, indicating that he and Ikonick were seeking new counsel and working with two potential law firms to that end. (Doc. 118). Thereafter, on or about July 26, 2024, Alsaloussi and Ikonick formally retained Lippes Mathias LLP as counsel. *See* Declaration of Alsaloussi ("Alsaloussi Dec.").

## ARGUMENT

### I.      Standard of law

Pursuant to Fed. R. Civ. P. 55(c), the Court may set aside a default judgment in accordance with Fed. R. Civ. P. 60(b). *See State of New York v. Green*, 2004 WL 1375555, at *4 (W.D.N.Y. June 18, 2004), aff'd as modified sub nom. *New York v. Green*, 420 F.3d 99 (2d Cir. 2005).

Fed. R. Civ. P. 60(b) permits the Court to relieve a party from a judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Pursuant to Fed. R. Civ. P. 60(c), a motion to vacate a default judgment must be made

within a reasonable time, and if the application is based on Fed. R. Civ. P. 60(b)(1) or (2), not more than a year after the entry of judgment of order or the date of the proceeding. Fed. R. Civ. P. 60(c).

## II.   The Default should be vacated

The Second Circuit has expressed an explicit preference that disputes resulting in litigation are resolved on the merits. *Cody v. Mello,* 59 F.3d 13, 15 (2d Cir.1995). To that end, a judgment by default represents a severe sanction and in ruling on a motion to vacate a default judgment, any doubts are to be resolved in favor of the party seeking relief from same as to facilitate the resolution of a dispute on the merits, and not some technical or administrative shortcoming. *Id.*; *Templos v. Luna Cuisine, Inc.*, 2024 WL 3188964, at *2 (E.D.N.Y. June 27, 2024)

As demonstrated below, Ikonick has shown it is entitled to relief from the Default Judgment so that this dispute can continue to be litigated on the merits.

> ### a.   *Iknoick's Motion was filed within a reasonable time, as is required by Fed. R. Civ. P. 60(b)*

A motion brought pursuant to Fed. R. Civ. P. 60(b) "must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). Further, a motion under Fed. R. Civ. P. 60(b)(1), 60(b)(2), or 60(b)(3) may be brought "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c).

The Default was entered by the Court on June 17, 2024. (Doc. 117). Ikonick's argument for vacating the Default pursuant to Fed. R. Civ. P. 60(b)(1) is timely because it was made less than one year after the entry of the Default. Moreover, Ikonick's argument for vacating the Default pursuant to other provisions of Fed. R. Civ. P. 60 are timely because they have been asserted within a reasonable time, 43 days. Although there is not a brightline rule defining what constitutes a "reasonable time," the tipping point for reasonableness in the Second Circuit rests at approximately

4

18 months from the entry of the judgment. *See, e.g.*, *Colon v. Berryhill*, 2019 WL 5305469, at *7 (W.D.N.Y. Oct. 21, 2019); *Rowe Ent. v. William Morris Agency Inc.*, 2012 WL 5464611, at *2 (S.D.N.Y. Nov. 8, 2012).

Here, Ikonick has sought relief from the Default 43 days after it was entered. During that timeframe, it had to identify and engage new counsel, which took time because of the nature of the dispute with Ikonick's former counsel, which led ultimately to its withdrawal from representation. (Doc. 118). Simply put, Ikonick took efficient action to be able to seek relief from the Default, and its Motion is timely.

*b. Ikonick has demonstrated a sufficient basis to vacate the Default Judgment*

The factors and analysis employed by courts reviewing applications for relief from a default judgment vary depending on the facts and circumstances of the case, as well as the subsection of Fed. R. Civ. P. 60(b) the defaulted party seeks relief under. That being said, in generally determining whether a default judgment should be set aside, courts initially consider: "(1) whether the default was willful; (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the non-defaulting party prejudice." *Mt. Hawley Insurance Co. v. Buckeye Real Estate Investments LLC*, 2024 WL 3523051, at *3 (S.D.N.Y. July 23, 2024).

*i. Ikonick has demonstrated it has meritorious defense in the action*

The record demonstrates that Ikonick has shown it has a meritorious claim to the Property at issue. As stated in the Court's Order denying Provenzi's motion for summary judgment, "the Ikonick Defendants have raised genuine issues of material fact that are sufficient to defeat summary judgment-at least at this early stage of litigation when they have not had an opportunity to conduct discovery." (Doc. 45). That discovery remains ongoing, and as Ikonick has presented

sufficient evidence to warrant denial of summary judgment, it has clearly established a meritorious defense sufficient to weigh in favor of vacating the Default.

### ii. Ikonick has demonstrated a sufficient basis to vacate the Default Judgment pursuant to Fed. R. Civ. P. 60(b)(1)

Pursuant to Fed. R. Civ. P. 60(b)(1), a court may vacate a final judgment for a mistake, inadvertence, surprise, or excusable neglect.

"To determine whether relief under Re. R. Civ. P. 60(b)(1) is warranted, the Second Circuit has identified 'four non-exclusive equitable factors that determine what sorts of neglect will be considered excusable.'" *King v. City of New York*, 2021 WL 1856840, at \*2 (S.D.N.Y. Apr. 6, 2021) (quoting *William v. City of New York*, 727 F. App'x 30, 31 (2d Cir. 2018) (summary order)). "Those factors are: (i) the danger of prejudice to the non-moving party; (ii) the length of the delay and its potential impact on judicial proceedings; (iii) the reason for the delay, including whether it was within the reasonable control of the movant; and (iv) whether the movant acted in good faith." *William*, 727 F. App'x at 31 (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993)). The Second Circuit has "explained that 'it is the third factor-the reason for the delay-that predominates, and the other three are significant only in close cases.'" *William v. City of New York*, 771 F. App'x 94, 96 (2d Cir. 2019) (summary order) (quoting *Williams v. KFC Nat'l Mgmt. Co.*, 391 F.3d 411, 415-16 (2d Cir. 2004)).

First, Ikonick submits that there is minimal danger of prejudice to the non-moving parties. The delay in the progression of the litigation has been less than 60 days and as of the last substantive conference with the Court, fact discovery remains incomplete. (Doc. 102, stating that "in light of this, the court declines to set new discovery deadlines and will address the motion to withdraw.") Additionally, Ikonick's default has not led to any finality in the lawsuit because Alsaloussi has claimed an ownership interest in the Property. (Doc. 117). Indeed, this Court

acknowledged that reality when it denied Provenzi's motion for default against Alsaloussi. (Doc. 117). As a result, and regardless of whether Ikonick is in default, this matter must proceed through remaining fact discovery to motion practice. Ikonick submits that the lack of material prejudice to the other parties weighs in favor of vacating the Default against it.

Second, the length of the delay and its potential impact on the status of the judicial proceedings also weighs in favor of vacating the Default. The delay has been objectively minimal – the R&R has yet to be adopted by the District Court. Although Ikonick acknowledges that the progress of fact discovery has been waylaid by its former attorneys withdrawing as counsel of record, that delay has not been overly burdensome and can be remedied through an amended case management Order that provides a stringent timeframe for any remaining discovery to be completed.

Third, the reason for the delay and whether Ikonick acted in good faith both weigh in favor of vacating the Default against Ikonick. As detailed in the Alsaloussi Declaration, Ikonick was not intentionally disregarding the Court's direction to obtain new counsel. Instead, given the time, effort, and money Alsaloussi and Ikonick had expended with their previous attorneys, they were working diligently in an attempt to repair the fractures in the attorney-client relationship, permitting former counsel to re-engage in its representation of Ikonick in this lawsuit.

From April through June of 2024, Ikonick and Alsaloussi worked to try and negotiate with Neville Peterson, their former counsel, to re-engage. Alsaloussi Dec., ¶ 7. The attorneys at Neville Peterson would sporadically, but intentionally respond to Alsaloussi requests to re-engage in a manner that made him optimistic that a solution could be reached and that it would be willing to appear on Alsaloussi and Ikonick's behalf in this lawsuit. Alsaloussi Dec., ¶¶ 7-15. Ikonick's former counsel did not foreclose that possibility until after the Default was entered. Although

unfortunate, Ikonick's delay in obtaining new counsel was not intentional, but a misguided expectation that it could re-engage the previous attorneys representing it in this lawsuit combined with the difficult task of finding new counsel to represent it under the circumstances. In light of the above, Ikonick has established a sufficient basis for this Court to vacate the Default.

> iii. *The procedural history that led to the Default Judgment warrants vacating it pursuant to Fed. R. Civ. P. 60(b)(6)*

Pursuant to Fed. R. Civ. P. 60(b)(6), a court may vacate a final judgment "for any other reason that justifies relief." The Second Circuit has described Fed. R. Civ. P. 60(b)(6) as a catch all provision proving the Court with a "grand reservoir of equitable power to do justice in a particular case." *Empresa Cubana Del Tabaco v. Gen. Cigar Co. Inc.*, 385 F. App'x 29, 31 (2d Cir. 2010) (quoting *United States v. Cirami,* 563 F.2d 26, 32 (2d Cir.1977)). That being said, it is also well-established that Fed. R. Civ. P. 60(b)(6) shall be invoked when extraordinary circumstances justify relief. *Id.*; *see also 53rd St., LLC v. U.S. Bank Nat'l Ass'n*, 2023 WL 8283656, at *3 (E.D.N.Y. Nov. 30, 2023)

Here, the factual and procedural background that led to the Default Judgment are uniquely non-substantive. To that end, Ikonick has, through its previous counsel, litigated this dispute for multiple years. On April 7, 2021, it answered the Complaint and made a formal claim to the Property. (Doc. 9). Over the course of the following two years, Ikonick has sought and responded to discovery, intending to demonstrate that it and Alsaloussi are the full legal owners of the Property. Simply put, the Default Judgment that was entered against Ikonick cannot reasonably be viewed as a failure to defend its position in the lawsuit.

Instead, the Default was entered as a result of an unfortunate dispute between Ikonick and its former counsel, which led to former counsel requesting to be relieved from representation. As stated *supra*, on March 29, 2024, Iknonick's former counsel requested an order from this court

granting its application to withdraw as counsel for Ikonick and Alsaloussi. (Doc. 104). Neither Ikonick nor Alsaloussi opposed the motion to withdraw, which was granted on April 19, 2024. (Doc. 110). This Court's text Order granting the motion to withdraw stated, *inter alia*, that Ikonick was required to obtain new counsel.

On May 1, 2024, this Court entered a text Order granting Ikonick an extension of time, through May 15, 2024, to obtain new counsel, and scheduled a status call for May 21, 2024. (Doc. 112). On May 21, 2024, Alsaloussi appeared and informed the Court Ikonick was attempting to re-negotiate with its former counsel to continue to represent it in this lawsuit. Notwithstanding, this Court determined that Ikonick was in default. Notably, however, the Court's text Order states that "[i]f counsel subsequently appears and seeks to set aside the default, the court will consider that application." (Doc. 112).

During this timeframe, Alsaloussi and Ikonick were attempting to negotiate terms of a new engagement with former counsel. Alsaloussi Dec. That process played out over the course of intermittent but material communications spanning weeks, including through the entry of the Default against Ikonick and the subsequent motion for default judgment filed by Provenzi. Alsaloussi Dec. Although Alsaloussi and Ikonick had not re-engaged their formal counsel, they did rely on their guidance with regard to the best way to inform this court that they were attempting to negotiate a resolution to their dispute.

Specifically, and as articulated by Alsaloussi leading up to the May 15, 2024 deadline to obtain counsel and the status conference with the Court on May 21, 2024, Alsaloussi and Ikonick were advised by attorney John Patterson at Neville Peterson not to be concerned with the May 15, 2024 deadline because an appearance could be made at the May 21, 2024 conference to inform the Court know that Ikonick was still attempting to engage counsel. Alsaloussi Dec., ¶¶ 10-12. That

guidance was misplaced as this Court determined that Ikonick was in default on May 21, 2024. When Alsaloussi asked Mr. Patterson about what occurred, he was informed that his direction was not legal advice because Neville Peterson had been relieved as counsel by that time. Alsaloussi Dec., ¶¶ 10-12.

Regardless, even after the May 21, 2024 court appearance, Alsaloussi and Ikonick were still attempting to work towards a solution with Neville Peterson. Alsaloussi Dec., ¶ 12. Through early June 2024, Alsaloussi was communicating with attorneys at Neville Peterson, who indicated it would monitor the "default" situation while they worked to negotiate whether Alsaloussi and Ikonick could re-engage the firm as counsel. Alsaloussi Dec., ¶ 12.

On June 13, 2024, Provenzi moved for default judgment against Ikonick and Alsaloussi. (Doc. 115). Four days later, this Court entered a Report & Recommendation granting Provenzi's Motion for Default in part. (Doc. 117). Specifically, the R&R denied Provenzi's motion for default as it pertained to Alsaloussi, individually. (Doc. 117). After learning of the Default, Alsaloussi again communicated with Neville Peterson about formalizing an attorney client relationship and move forward in this lawsuit. Alsaloussi Dec., ¶ 13. In response, Alsaloussi was informed that something would be drafted for his review and that Neville Peterson would determine what the deadline was to respond to the Default. Alsaloussi Dec., ¶ 13.

Ultimately, the above-described posture of this lawsuit exemplifies the precise reason why the enforcement of a default against Ikonick makes little practice sense. Ikonick, through counsel or its owner, Alsaloussi, has been present at every single court appearance. Ikonick, through Alsaloussi, had been in the process of attempting to obtain new counsel when the Default was entered. *See* Alsaloussi Dec. Iknoick, through Alsaloussi, had encountered difficulty in engaging new counsel because of the nature of the dispute with its former attorneys. *See* Alsaloussi Dec.

10

While it cannot be disputed that Ikonick did not obtain new counsel in accordance with the Court's directive, it has provided a reasonable excuse for not doing so and has now remedied that issue. Vacating the Default will permit this case to be determined on the merits. Refusing to do so will ensure that Ikonick is denied that ability, despite expending material time and resources over the course of multiple years previously defending its position.

**CONCLUSION**

For the reasons herein, Ikonick respectfully requests that the Court vacate the Default entered against it on June 17, 2024.

Dated: July 31, 2024

**LIPPES MATHIAS LLP**

s/ Brendan H. Little
Brendan H. Little, Esq.
Sean M. O'Brien, Esq.
*Attorneys for Defendants Ikonick Collection, LTD and Mohammed Alsaloussi*
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202
T: (716) 853-5100
F: (716) 853-5199
E: blittle@lippes.com
E: sobrien@lippes.com

11