UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA                     Case No.: 1:21-cv-00398

          Plaintiff,

v.

PAOLO PROVENZI
IKONICK COLLECTION LTD.
MOHAMMED ALSALOUSSI

          Defendants.
_____

### DECLARATION OF MOHAMMED ALSALOUSSI IN SUPPORT OF DEFENDANT IKONICK COLLECTION LTD.'S MOTION TO VACATE

1. I am the owner of Defendant Ikonick Collection LTD ("Ikonick"). As a result, I have personal knowledge of the facts and circumstances of this litigation and the underlying dispute it arises out of.

2. I submit this Declaration in support of Ikonick's Motion to Vacate the Default entered against in on June 17, 2024.

3. Since March 2021, Ikonick and I have been represented in this lawsuit by attorneys from the law firm Neville Peterson, LLP ("Neville Peterson"). (Doc. 6).

4. However, in March 2024, Neville Peterson alerted this Court that it intended to withdraw as counsel of record for myself and Ikonick.

5. As made clear from Neville Peterson's subsequent motion to withdraw, the basis for the dispute stemmed from the fees charged to date in this matter. (Doc. 104).

6. Notwithstanding the existence of a dispute, Ikonick and myself have invested substantial amount of time and resources in Neville Peterson as counsel. Its attorneys understood the complicated nature of this dispute and had been advocating on our behalf for years.

7. As a result, from April 2024 through June 17, 2024, I was working diligently to try and negotiate with Neville Peterson to re-engage it as counsel for myself and Ikonick. Those conversations occurred by text message and telephone.

8. During that time frame, I was a part of an active dialogue with Neville Peterson to negotiate terms of an agreement to re-engage it as counsel for myself and Ikonick.

9. The attorneys at Neville Peterson would sporadically, but intentionally respond to my requests to re-engage in a manner that made me optimistic that a solution could be reached concerning representation of Ikonick and me that it would be willing to re-appear on our behalf in this lawsuit.

10. As part of that process and leading up to the May 15, 2024 deadline to obtain counsel and the status conference with the Court on May 21, 2024, I was advised by attorney John Patterson at Neville Peterson not to be concerned with the May 15, 2024 deadline because I could appear at the May 21, 2024 conference and inform the Court that Ikonick was still attempting to engage counsel. As a result of Mr. Patterson's advice, I was confident that the Court would be provide Ikonick and me with additional time to retain counsel.

11. Unfortunately, Mr. Patterson's advice was incorrect as this Court determined that Ikonick was in default on May 21, 2024. When I asked Mr. Patterson about what occurred, he informed me that that his "advice" was not legal advice because Neville Peterson had been relieved as counsel by that time.

12. After May 21, 2024, I was still attempting to work towards a solution with Neville Peterson. Through early June 2024, I was communicating with attorneys at Neville Peterson to monitor the "default" situation and attempt to re-engage the firm as counsel. I had reached out to

confirm whether Neville Peterson had continued interest in representing us and how best to handle the pending default issue.

13. After counsel for Paolo Provenzi ("Provenzi") filed his motion for default judgment against Ikonick, I again communicated with Neville Peterson to attempt to re-formalize the attorney client relationship moving forward. My requests were not rejected, but instead I was told that something would be drafted for my review and that Neville Peterson would find out the deadline for a response.

14. Throughout this process, I was optimistic that Ikonick and myself could resolve the dispute with Neville Peterson and move forward with it as our counsel. I believe Neville Peterson thought similarly and as a result, I was mistakenly not materially concerned about a potential default being entered against Ikonick.

15. However, once the Court did enter a default judgment and Neville Peterson did not send me any documents or proposal to review as Neville Peterson stated it would, I knew that I had to immediately seek other counsel.

16. That process did take time and was complicated by the fact that our fee dispute with Neville Peterson was publicly available on the docket in this action.

17. I was, however, put in contact with Lippes Mathias LLP and retained it to represent myself and Ikonick on July 26, 2024.

18. I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 31, 2024

_____
Mohammed Alsaloussi