UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

        Plaintiff,

  v.                                            21-CV-398-LJV-JJM
                                              DECISION & ORDER

PAOLO PROVENZI, *et al.*,

        Defendants.

---

On March 17, 2021, the plaintiff, the United States of America, filed a complaint for interpleader and injunctive relief. Docket Item 1. More specifically, the complaint explained that United States Customs and Border Patrol had seized a 1996 Ferrari F50 worth approximately $2 million, but the United States was "in great doubt as to which [of two] [c]laimant[s] may be entitled to the [Ferrari]." *Id.* at ¶¶ 4-5, 11, 20. The case was referred to United States Magistrate Judge Jeremiah J. McCarthy for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Docket Items 11, 22.

On April 19, 2024, Judge McCarthy allowed the attorneys for defendants Mohammed Alsaloussi and Ikonick Collection Ltd. (collectively, the "Ikonick defendants") to withdraw. Docket Item 110. Judge McCarthy further ordered that "Alsaloussi, an individual, will be deemed *pro se* unless another attorney appears for him." *Id.* But "because Ikonick is a corporate entity," Judge McCarthy noted, "it must appear through counsel." *Id.* (citing *Lattanzio v. COMTA*, 481 F.3d 137, 139-40 (2d Cir. 2007)). Judge McCarthy therefore ordered that "Ikonick must appear by counsel on or before May 1, 2024, failing which it may be declared in default." *Id.* Judge McCarthy

subsequently granted Ikonick's request for an extension to obtain counsel until May 15. Docket Item 112.

On May 21, Judge McCarthy held a status conference during which Alsaloussi "indicate[d] that he [wa]s in negotiations with previous counsel to resume appearance for defendant Ikonick." Docket Item 113. Judge McCarthy nevertheless found that "defendant Ikonick ha[d] failed to comply with the previous text orders" and therefore was "in default pursuant to Local Rule 55(c)." Id. Judge McCarthy noted, however, that "[i]f counsel subsequently appear[ed] and s[ought] to set aside the default, [Judge McCarthy would] consider that application." Id.

Later that day, Judge McCarthy entered a text order declaring Ikonick "to be in default due to its failure to appear through counsel in accordance with [Judge McCarthy's] May 1, 2024 Text Order." Docket Item 114. Judge McCarthy further ordered that "[d]efendant Paolo Provenzi or the United States may move for a default judgment against Ikonick" and deferred "[t]he scheduling of further proceedings . . . pending resolution of that motion." Id.

On June 13, 2024, Provenzi moved for a default judgment against Ikonick. Docket Item 115. Four days later, Judge McCarthy issued a Report and Recommendation ("R&R") finding that this Court should grant Provenzi's motion in part and deny it in part. Docket Item 117. More specifically, Judge McCarthy recommended "that Provenzi's motion be granted to the extent of dismissing Ikonick's claims of ownership in the Ferrari vehicle, but otherwise denied." Id. at 3 (internal citation omitted).

2

Judge McCarthy noted that "Provenzi's motion seeks not only dismissal of Ikonick's claims of ownership in the Ferrari vehicle, but also a declaration granting him 'the immediate return of exclusive possession, custody and control over the vehicle[,]' as its 'sole and exclusive owner.'" *Id.* at 2 (quoting Docket Item 115 at 1). But, Judge McCarthy observed, "Alsaloussi alleges that 'Alsaloussi *and* Ikonick are the full legal owners of the [Ferrari], entitled to immediate possession and all rights of ownership." *Id.* (quoting Docket Item 9 at ¶ 38). Therefore, Judge McCarthy concluded, "[t]he merits of that claim cannot be adjudicated in a motion for default judgment against Ikonick, since Alsaloussi himself is not in default." *Id.*

The following month, the Ikonick defendants—through newly obtained counsel—moved to "vacat[e] the default judgment entered by [Judge] McCarthy." Docket Item 120 at 1. This Court construed that motion as an objection to the R&R. Docket Item 125. The Ikonick defendants then supplemented their objection, Docket Item 127; Provenzi responded, Docket Item 128, and the Ikonick defendants replied, Docket Item 129.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

This Court has carefully and thoroughly reviewed the R&R; the record in this case; the objection and supplement, the response, and the reply; and the materials submitted to Judge McCarthy. Based on that *de novo* review, the Court adopts in part

3

Judge McCarthy's recommendation, denies Provenzi's motion for a default judgment, and vacates the entry of default against Ikonick.

## **DISCUSSION**

The Court assumes the reader's familiarity with the factual background of this case, *see* Docket item 45 at 4-6, and Judge McCarthy's analysis in the R&R, *see* Docket Item 117.

Federal Rule of Civil Procedure 55 "provides a two-step process for obtaining a default judgment." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005). First, the plaintiff must secure a clerk's entry of default by demonstrating that the opposing party "has failed to plead or otherwise defend" the action. Fed. R. Civ. P. 55(a). Alternatively, this district's Local Rule of Civil Procedure 55 provides that "the Court, on its own initiative, may enter default or direct the Clerk of Court to enter default." Loc. R. Civ. P. 55(c). Second, the plaintiff must "seek a judgment by default under [Federal] Rule [of Civil Procedure] 55(b)." *Green*, 420 F.3d at 104.

Here, Judge McCarthy entered a default against Ikonick under Local Rule 55(c) because Ikonick had failed to obtain new counsel by the deadline that Judge McCarthy had ordered. Docket Item 114. Provenzi then moved for a default judgment under Federal Rule of Civil Procedure 55(b)(2), Docket Item 115, which Judge McCarthy recommended granting, Docket Item 117. A short time after that, however, Ikonick obtained new counsel. *See* Docket Item 120.

"Ultimately, the decision whether to enter [a] default judgment is committed to the district court's discretion." *Deep Foods Inc. v. Deep Foods Inc.*, 419 F. Supp. 3d 569, 577 (W.D.N.Y. 2019) (alterations and internal quotation marks omitted) (quoting

4

*Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 116 (2d Cir. 2015)).  But "in light of the [Second Circuit's] 'oft-stated preference for resolving disputes on the merits,' default judgments are 'generally disfavored.'"  *Brydge Techs. LLC v. OGadget LLC*, 2021 WL 1200316, at *3 (E.D.N.Y. Mar. 4, 2021) (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95-96 (2d Cir. 1993)); *see also Green*, 420 F.3d at 104 (characterizing a default judgment as "the most severe sanction which [a] court may apply" and explaining that although "[a] motion to vacate a default judgment is addressed to the sound discretion of the district court, . . . [the Second Circuit] ha[s] expressed a strong preference for resolving disputes on the merits" (citations and internal quotation marks omitted)).

Because Ikonick now has obtained counsel and is prepared to litigate the case on the merits—which was not the case when Judge McCarthy issued his R&R—this Court declines to enter a default judgment.  Indeed, were this Court to enter a default judgment under these circumstances, that would run counter to the Second Circuit's "oft-stated preference for resolving disputes on the merits."[1]  *See Enron*, 10 F.3d at 95.

Moreover, there is good cause to set aside the entry of default against Ikonick.[2]  *See* Fed. R. Civ. P. 55(c) (a "court may set aside an entry of default for good cause").

---

[1] This is particularly true in the case of plaintiffs who are not represented by counsel.  *See Enron*, 10 F.3d at 96 ("[A]s a general rule a district court should grant a default judgment sparingly and grant leave to set aside the entry of default freely when the defaulting party is appearing *pro se*.").  Although Ikonick, as a corporate entity, cannot appear *pro se*, *see Lattanzio*, 481 F.3d at 139-40, this Court notes that Ikonick was in between attorneys at the time Judge McCarthy entered default, *see* Docket Items 110 and 113.

[2] The Ikonick defendants mistakenly ask for the vacatur of a default judgment under Federal Rule of Civil Procedure 60(b).  *See* Docket Item 120-1.  But this Court construes that request as applying to the entry of default, particularly since Provenzi identified and addressed the proper standard in his response.  *See* Docket Item 128 at 8-11.  And although the request to vacate the entry of default ordinarily would go to Judge McCarthy in the first instance, given that the motion for a default judgment and

In assessing whether there is good cause to set aside a default, courts consider three factors: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron*, 10 F.3d at 96 (citations omitted). "The dispositions of motions for . . . relief from [entries of defaults] are left to the sound discretion of a district court." *Id.* at 95. But as a rule, "defaults are generally disfavored and are reserved for rare occasions." *Id.* at 96.

With respect to the first factor, willfulness encompasses "conduct that is more than merely negligent or careless." *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998) (citation omitted). A determination of willfulness is appropriate "where the conduct of counsel or the litigant was egregious and was not satisfactorily explained." *Id.* So a court may refuse to set aside a default "where the moving party has made a strategic decision to ignore the litigation." *Nikolaeva v. Home Attendant Servs. of Hyde Park*, 2018 WL 6984837, at *2 (E.D.N.Y. Nov. 16, 2018) (citing *American All. Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996)), *report and recommendation adopted by* 2019 WL 147721 (Jan. 9, 2019).

Here, there is no indication that the conduct was egregious or without justification. Rather, the Ikonick defendants explain that "Ikonick was attempting to re-negotiate with its former counsel to continue to represent it in this lawsuit." Docket Item 120-1 at 10. Moreover, Ikonick "had encountered difficulty in engaging new counsel because of the nature of the dispute with its former attorneys." *Id.* at 11. This Court agrees with Ikonick that "[w]hile it cannot be disputed that Ikonick did not obtain new

---

R&R are pending before this Court, the Court finds that it is more efficient for this Court to resolve all the related issues at once.

6

counsel in accordance with the Court's directive, it has provided a reasonable excuse for not doing so and has now remedied that issue."[3]  *See id.* at 12.

With respect to the second factor, "delay alone is not a sufficient basis for establishing prejudice."  *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983).  Instead, the delay must have caused the loss of evidence, created increased difficulties in discovery, or provided increased opportunity for fraud and collusion.  *Id.*  This Court sees no such prejudice here—despite its being sympathetic to Provenzi's argument that this case involves not merely a money judgment but "the use and enjoyment of a unique piece of automotive history."  *See* Docket Item 128 at 11.

Finally, with respect to a meritorious defense, "the defendant need not establish his defense conclusively, but he must present evidence of facts that, 'if proven at trial, would constitute a complete defense.'"  *McNulty*, 137 F.3d at 740 (internal citation omitted) (quoting *Enron*, 713 F.2d at 98).  This Court previously found that "that there are competing claims of lawful ownership regarding the [Ferrari] which must be resolved though the interpleader action."  *See* Docket Item 98 at 4; *see also* Docket Item 45 at 24 (finding that "the Ikonick defendants have raised genuine issues of material fact that are sufficient to defeat summary judgment").  And while Provenzi argues that this Court should find differently today because the Ikonick defendants delayed the discovery

---

[3] Indeed, Judge McCarthy explicitly stated that "[i]f counsel subsequently appear[ed] and s[ought] to set aside the default, the court w[ould] consider that application."  Docket Item 113.

7

process, see Docket Item 128 at 10-11, this Court declines to do so with the discovery period still open.[4]

For all those reasons, this Court vacates the entry of default against Ikonick and denies Provenzi's motion for a default judgment.

## CONCLUSION

For the reasons stated above, the R&R, Docket Item 117, is ADOPTED IN PART; Provenzi's motion for default judgment, Docket Item 115, is DENIED; and the entry of default against Ikonick, Docket Item 114, is VACATED.  The case is referred back to Judge McCarthy for further proceedings consistent with the referral order of May 13, 2021, Docket Item 22.

SO ORDERED.

Dated:   December 2, 2024
         Buffalo, New York

                                         /s/ Lawrence J. Vilardo
                                         LAWRENCE J. VILARDO
                                         UNITED STATES DISTRICT JUDGE

---

[4] That being said, this case has been pending for more than three years, and this Court acknowledges Provenzi's concerns about the Ikonick defendants' pace in discovery.  This Court is hopeful that new counsel will hit the ground running and move things along.  And if they do not, Provenzi can seek the appropriate relief from this Court.