UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                          Plaintiff,                      **DECISION AND ORDER**

v.                                                                Case No. 1:21-cv-398-LJS-JJM

PAOLO PROVENZI, *et al.*,

                          Defendants.

_____

        Before the court is a motion by defendants Mohammed Alsaloussi and Ikonick Collection LTD (collectively "Ikonick") to temporarily stay expert discovery [159][1]. Although I had initially set a briefing schedule on the motion [160], following a teleconference with counsel on August 8, 2025 [162], I conclude that no further briefing is necessary. For the following reasons, Ikonick's motion is denied - as is its belated attempt to inspect the vehicle which is the subject of this litigation.

## BACKGROUND

        My Third Amended Case Management Order [147] required completion of fact discovery by May 9, 2025, initial expert disclosures by June 25, 2025, supplemental expert disclosures by August 20, 2025, and completion of expert depositions by October 10, 2025. On June 25, 2025 Ikonick moved for an extension of the deadline for initial expert disclosures [151], and on July 1, 2025 it moved to compel further discovery [155].

        By Decision and Order dated July 9, 2025 [156], I denied both motions, concluding that Ikonick had failed to establish "good cause" for that relief, as required by Fed. R.

---

[1] Bracketed references are to CM/ECF docket entries, and page references are to CM/ECF pagination.

Civ. P. ("Rule") 16(b)(4). On July 23, 2025 Ikonick filed its Objection to that Decision and Order [157], seeking review by District Judge Lawrence J. Vilardo. Judge Vilardo set a briefing schedule [158] requiring defendant Paolo Provenzi's Response by August 7, 2025 and Ikonick's Reply by August 14, 2025. Provenzi timely filed his Response [161].

On August 7, 2025 counsel for Provenzi advised me that Ikonick had notified him on August 6 that it intended to inspect the vehicle which is the subject of this litigation in Texas on August 8, and that Provenzi objected to that inspection. [163] at 2-3. I responded that in my view, "any inspection of the vehicle at this time amounts to discovery in violation of the Third Amended Case Management". Id. at 2.  Counsel for Ikonick replied that he would "abide by the position of the Court and will formally raise any issues with the Court". Id. at 1.

During the August 8 teleconference, Provenzi's attorney strongly opposed the motion for a stay, and at the conclusion of the conference I advised the parties that I was denying the motion, with a written opinion to follow.

## DISCUSSION

**A. Motion for a Stay**

Ikonick argues that "[p]ursuant to the Third Amended Case Management Order dated May 7, 2025, [rebuttal] expert reports pursuant to Rule 26 are due no later than August 20, 2025, six days after Ikonick's reply draft will be submitted. As such, Ikonick's Objections to the July 9, 2025 Order are not likely to be decided by that deadline . . . . Put plainly, a stay of expert discovery is necessary to prevent the parties from having to conduct expert discovery twice. If Ikonick proceeds with expert discovery under the current deadline and Ikonick's Objection is granted, expert discovery will, practically speaking, restart. This would inflict undue burden and expense on both parties, as well as an inevitable delay of this litigation. As such, pursuant to

[Rule] 26(c)(1), this Court should stay expert discovery". Ikonick's Memorandum of Law [159-1] at 2.

The grant or denial of a stay is "an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case". Nken v. Holder, 556 U.S. 418, 433 (2009); Short v. City of Rochester, 747 F. Supp. 3d 594, 598 (W.D.N.Y. 2024) (court's "discretion should be exercised carefully and only after looking to the particular circumstances and posture of the case"). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." Nken, 556 U.S. at 433-34.

Determining the appropriateness of a stay involves "consideration of four factors: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies". Id. at 434.[2] "The first two factors of the traditional standard are the most critical . . . . Once an applicant satisfies the first two factors, the traditional stay inquiry calls for assessing the harm to the opposing party and weighing the public interest." Id. at 434-35.

With regard to the first factor, "[i]t is not enough that the chance of success on the merits be better than negligible . . . . [M]ore than a mere possibility of relief is required." Id. at 434. My July 9 Decision and Order laid out in detail the reasons why Ikonick had failed to satisfy the "good cause" standard of Rule 16(b)(4), and I do not believe that Ikonick has shown more than a "mere possibility" that Judge Vilardo will disagree - particularly in light of the

---

[2] Short suggests a slightly different test: "the party seeking a stay must prevail on three factors: (1) the breadth of discovery sought (2) any prejudice that would result and (3) the strength of the motion". 747 F. Supp.3d at 597. However, for purposes of this motion, that difference is insignificant.

standard of review. As Judge Vilardo has noted, "[b]ecause a magistrate judge's decisions regarding [discovery] deadlines are non-dispositive, appeals of those decisions are subject only to clear error review". Daniels v. Daemen University, 2025 WL 1762202, at *3, n. 6 (W.D.N.Y. 2025).

Nor does the second factor favor Ikonick. "A stay is not a matter of right, even if irreparable injury might otherwise result." Nken, 556 U.S. at 433. In this case, any injury which Ikonick may face is due to its failure to comply with the deadlines of my Third Amended Case Management Order. See Hirschfeld v. Board of Elections in City of New York, 984 F.2d 35, 40 (2d Cir. 1993) ("the Board of Elections' claim of irreparable injury was meritless because any injury in the absence of the stay would be self-inflicted"); Brabson v. The Friendship House of Western New York, Inc., 2000 WL 1335745, *2 (W.D.N.Y. 2000) ("while defendant has indicated that it . . . will suffer irreparable harm should a stay not be granted, the procedural history of this case shows that any such harm suffered is self-inflicted").

The third and fourth factors likewise do not support Ikonick's position. Rule 1 makes clear that the purpose of the Rules is to "secure the just, speedy, and inexpensive determination of every action and proceeding", and "the court's authority to manage discovery is designed to serve both the interests of the parties and the public interest in the prompt and efficient disposition of cases". Levy v. Eisner LLP, 2006 WL 2015368, *1 (S.D.N.Y. 2006).

Over eight months ago, Judge Vilardo noted that "this case has been pending for more than three years". December 2, 2024 Decision and Order [132] at 8, n. 4. He acknowledged "Provenzi's concerns about the Ikonick defendants' pace in discovery", and stated that he was "hopeful that new counsel will hit the ground running and move things along". Ikonick has not done so, and it is past time to move things along.

**B. Inspection of the Vehicle**

A vehicle inspection is fact discovery. <u>Anton v. American Honda Motor Co.</u>, 2020 WL 13302436, *1 (C.D. Cal. 2020). My Third Amended Case Management Order set May 9, 2025 as the deadline for completion of fact discovery. [147], ¶1. Notwithstanding that expired deadline, Ikonick continued negotiating with the government to inspect the vehicle - without notice to (or consent of) Provenzi or the court. That is unacceptable. *See* Rule 29(b) ("a stipulation extending the time for any form of discovery must have court approval if it would interfere with the time set for completing discovery").

## CONCLUSION

For these reasons, Ikonick's motion to stay [159] is denied, and its belated attempt to inspect the vehicle is likewise denied.

Dated: August 12, 2025

<u>/s/ Jeremiah J. McCarthy</u>
JEREMIAH J. MCCARTHY
United States Magistrate Judge
