UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

             Plaintiff,

    v.                                      21-CV-398-LJV-JJM
                                              DECISION & ORDER

PAOLO PROVENZI et al.,

             Defendants.

_____

On March 17, 2021, the plaintiff, the United States of America, filed a complaint for interpleader and injunctive relief. Docket Item 1. The complaint explained that United States Customs and Border Patrol had seized a 1996 Ferrari F50 worth approximately $2 million but that the United States was "in great doubt as to which [of two] [c]laimant[s] may be entitled to the [Ferrari]." *Id.* at ¶¶ 4-5, 11, 20. The case was referred to United States Magistrate Judge Jeremiah J. McCarthy for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Docket Items 11, 22.

Fact discovery closed on May 9, 2025. Docket Item 147 at 1. On June 25, 2025, defendants Ikonick Collection LTD and Mohammed Alsaloussi (collectively, "Ikonick") moved for an extension of the deadline for initial expert disclosures. Docket Item 151. More specifically, they sought to "modify the deadline for the initial disclosure of expert reports, presently set for June 25, 2025," because their expert needed to "conduct an in-person inspection of both [defendant Paolo Provenzi's] keys and Ikonick's keys, in conjunction with an on-site inspection of the vehicle at issue in this lawsuit." *Id.* at 3. Ikonick explained that Provenzi had "refused to make his keys available and objected to

Ikonick's expert['s] being permitted to conduct the inspection of both sets of keys in the presence of the vehicle at issue." *Id.*

Judge McCarthy initially ordered a response to Ikonick's motion but several days later issued a text order that stated: "Upon further review of defendants' motion . . . , for reasons to be discussed in a decision which will issue in due course, I conclude that good cause for that modification has not been established." Docket Item 154. Judge McCarthy then issued a decision and order ("D&O") denying the motion for an extension and explaining his reasoning. Docket Item 156. Ikonick objected to the D&O, Docket Item 157; Provenzi responded, Docket Item 161; and Ikonick replied, Docket Item 165.

In the meantime, Ikonick moved to stay expert discovery until this Court decided the objections to Judge McCarthy's D&O. Docket Item 159. Once again, Judge McCarthy initially set a briefing schedule, *see* Docket Item 160, but he subsequently decided "that no further briefing [wa]s necessary" and issued another D&O denying the motion, Docket Item 164 at 1. Ikonick again objected, Docket Item 167; Provenzi responded, Docket Item 169; and Ikonick replied, Docket Item 170.

"[W]ith respect to non-dispositive discovery disputes, the magistrate judge is afforded broad discretion which a court should not overrule unless this discretion is clearly abused." *Maxwell v. Becker*, 2015 WL 5793403, at *1 (W.D.N.Y. Sept. 30, 2015) (quoting *Germann v. Consolidated Rail Corp.,* 153 F.R.D. 499, 500 (N.D.N.Y .1994)). A district judge may reconsider a magistrate judge's decision on a non-dispositive order only "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

This Court has carefully and thoroughly reviewed Judge McCarthy's two D&Os; the record in this case; the objections, responses, and replies; and the materials submitted to Judge McCarthy. Based on that review, and for the reasons that follow, the Court finds no abuse of discretion or clear error that would warrant overturning Judge McCarthy's decisions.

### DISCUSSION[1]

I.      **BACKGROUND**

Back in September 2022, Ikonick served its initial requests for production, which included a request to "[p]roduce for inspection all sets of keys to the vehicle in possession of . . . Provenzi, or any member of [his] family." Docket Item 157-2 at 8. In response, Provenzi stated that "he [wa]s not in possession or custody of a set of keys to the [v]ehicle." Docket Item 157-3 at 9.

Approximately two and a half years later, on March 19, 2025, Provenzi supplemented his responses to Ikonick's first request for production of documents and for the first time attached a photo of keys. *See* Docket Item 151-4 at 2-4. Then, at his deposition on April 25, 2025, "Provenzi testified that he had, in his possession in Italy, keys to the vehicle." *See* Docket Item 151-1 at 4.

On May 2, 2025, Ikonick reported to Judge McCarthy that the depositions of two United States Customs and Border Protection ("CBP") agents, which were "noticed for May 14, 2025[,] and May 15, 2025," were "the only remaining discovery anticipated."

---

[1] The Court assumes the reader's familiarity with the factual background of this case, *see* Docket item 45 at 4-6, and Judge McCarthy's analysis in the two D&Os, Docket Items 156 and 164, and will refer only to the facts necessary to explain its decision.

Docket Item 144 at 1.  Because the depositions were noticed for dates after the fact discovery deadline, Ikonick told the court, the parties would "requir[e] a short extension of the time to complete fact discovery."  *Id.*  At a status conference on May 7, 2025, Ikonick again confirmed that the depositions of the two CBP agents were the only remaining fact discovery.  *See* Docket Item 156 at 3.  But Judge McCarthy denied the request to depose the CBP agents because the depositions would not be completed prior to the May 9 fact discovery deadline.  *See id.*

The parties and Judge McCarthy then agreed to set June 25, 2025, as the deadline for submission of initial expert disclosures.  *Id.*  The Third Amended Case Management Order ("CMO") confirmed that deadline and warned the parties, in boldface type, that **"[n]o extension of the above deadlines will be granted except upon a motion, filed prior to the deadline, showing good cause for the extension. Absent truly exceptional circumstances, any motion for an extension shall be made at least one week prior to the deadline sought to be extended."**  Docket Item 147 at 3.

Later on the afternoon of May 7, Ikonick's counsel emailed Provenzi's counsel stating: "It is very likely that we are going to require inspection of your client's keys, that he testified he still has possession of.  Please start making arrangements now to get them to your office."  Docket Item 155-5 at 2.  Provenzi's counsel did not respond to that request.  *See* Docket Item 151-1 at 4.

On June 16, 2025, Ikonick's counsel emailed Provenzi's counsel, asking: "have you received the keys from your client yet?"  Docket Item 157-7 at 2.  Later that day, Ikonick's counsel followed up, saying:

I tried your number but it went to voicemail. In order to give the experts time to inspect the vehicles, with all sets of keys, I propose modifying the current expert schedule as follows:

> • Initial expert reports due by 7-20[;]
>
> • Rebuttal reports by 8-31[;]
>
> • Expert depositions by 10-10[.]

This does not change the timeline for remaining discovery but allows everyone to have the opportunity to inspect the vehicle before reports need to be exchanged.  Let me know – I am happy to discuss as needed.

*Id.*  The next day, June 17, Ikonick's counsel again emailed:

Following up on the following questions:

> 1. Do you want the transcripts emailed[?]
>
> 2. Do you have the keys to the vehicle for your client[?]
>
> 3. Are you okay with the revised expert timeline so that we can get necessary inspections done with the keys[?]

Docket Item 157-8 at 2.

Later that afternoon, Provenzi's counsel responded:

Apologies.

> 1) Yes[.]
>
> 2) No[.]
>
> 3) Don't have authority for that[.]

Docket Item 157-9 at 2.  A few minutes later, Ikonick's counsel replied:

We cannot have a third party conduct an inspection without the keys, which we need for our expert report to be finalized.  I asked you to start the process on May 7th.  I do not know what you mean by I do not "have authority for that," with regard to amending the dates so that we can get through that process.  Can you ask for authority or are you opposing the change to the schedule?  Let me know before the close of business today so that we can involve the court, if necessary.

Docket Item 157-10 at 3.  To which Provenzi's counsel responded:

Your client has had 4 years to inspect the car.  He's never once asked to do so until after fact discovery was over.  There's no dispute or evidence produced calling into question that this car (and its VIN) was owned by my client.

What exactly is it that you wish to inspect, and what would be the purpose of the inspection?

*Id.*  The attorneys continued to exchange emails back and forth on June 17.

On Wednesday, June 18—the deadline under the CMO to request an extension of the expert disclosure deadline—Ikonick's counsel sent the following email to Provenzi's counsel:

Thanks for taking my call yesterday.  As we left it, you are waiting to hear from your client as to whether: (1) you have authority to consent to the modification to the disclosure schedule; and (2) you can consent to the inspection.  To the extent that we need to go to the court with regard to the right to inspect the vehicle with the keys, I would like to do so with consent on the modified dates, understanding the two do go hand in hand generally.

I know your client is in Italy so I can wait a bit until you can confer and get your client's position.  Please let me know by noon on Friday so that we can either get a letter to the court or proceed forward as quickly as possible with the inspection.

Docket Item 157-11 at 2.  But Ikonick did not move for an extension.

In fact, neither side alerted Judge McCarthy to the issue until June 23, when Ikonick filed a letter requesting a status conference.  *See* Docket Item 148.  Ikonick explained that although it had asked Provenzi to "provide us with his keys on May 7, 2025," Provenzi did "not believe Ikonick's expert witness [wa]s entitled to physically inspect the keys[;] . . . d[id] not believe Ikonick's expert [wa]s entitled to physically inspect the vehicle; and . . . w[ould] not consent to modify the initial expert disclosure date so that these legal issues c[ould] be raised and decided by the Court."  *Id.* at 1-2. The letter further stated that Ikonick would "file a motion seeking a modification of the

6

initial expert disclosures, as it [could not] complete its report and disclosure without the abovementioned inspections." *Id.* at 2.

Provenzi responded the next day, stating:

We have never objected to Ikonick inspecting the [v]ehicle itself as long as that occurs prior to the current deadline.  As far as the keys are concerned, to the extent that the Court directs us to turn them over, we will do so. Nevertheless, we maintain that there is no good cause to extend the current expert discovery deadline.

Docket Item 150.  And on June 25, 2025 (the deadline for initial expert disclosures but a week after the deadline for extension motions), Ikonick moved to extend that deadline by a month and to compel production of Provenzi's keys.  Docket Item 151-1 at 2.

As noted above, after Judge McCarthy denied those motions, Docket Item 156, Ikonick moved to stay expert discovery pending this Court's decision on its objections, Docket Item 159.  Judge McCarthy denied that motion as well, Docket Item 164, which led to another round of objections, Docket Item 167.

## II.    MOTION TO AMEND CASE MANAGEMENT ORDER

Federal Rule of Civil Procedure 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent."  A "finding of 'good cause' depends on the diligence of the moving party."  *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000).  As the Second Circuit has observed, "[d]isregard of the scheduling order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier."  *Id.* "Rule 16 was drafted to prevent this situation," the Second Circuit explained, "and its standards may not be short-circuited."  *Id.*

Here, Judge McCarthy found that that Ikonick had failed to establish good cause for its request to extend the deadline. *See* Docket Item 156 at 5-9. More specifically, Judge McCarthy concluded that Ikonick had failed to exercise the diligence required for him to find good cause. *See id.* "[A]t his deposition on April 25, 2025 (still two weeks prior to the fact discovery deadline)," Judge McCarthy explained, "Provenzi testified that the keys were in his possession in Italy—yet Ikonick failed to follow up on its request for them until May 7, 2025 (merely two days prior to the fact discovery deadline), and failed to move for an extension of the expert disclosure deadline until the deadline itself, June 25, 2025." Docket Item 156 at 6.

Although reasonable minds might differ about whether Ikonick exercised diligence sufficient to warrant a finding of good cause, the Court finds no clear error or abuse of discretion in Judge McCarthy's decision—especially because Judge McCarthy is far more familiar than this Court with the history of discovery in this case. The bottom line is that Judge McCarthy clearly warned both sides that absent extraordinary circumstances, any request for an extension had to be made at least a week in advance of the discovery deadline. *See* Docket Item 147 at 3. But Ikonick did not request an extension—or even bring the issue to Judge McCarthy's attention—before the June 18 deadline for motions to extend. What is more, it appears that Ikonick did not follow up on its May 7 request to Provenzi's attorney—which went unanswered—until June 16. And even when it learned on June 17—the day before the deadline was to expire—that Provenzi might not consent to the inspection, Ikonick waited more than a week, until June 25, to move to extend discovery.

This Court has some sympathy for Ikonick's assertion that it had no inkling that Provenzi would refuse the inspection until it was too late. And the Court also appreciates Ikonick's not wanting to bring an issue to Judge McCarthy's attention while waiting to hear back from the other side. But as the Second Circuit has explained, "[a] party who flouts [discovery] orders does so at his peril." *Sieck v. Russo*, 869 F.2d 131, 133 (2d Cir. 1989); *see also Hassoun v. Searls*, 467 F. Supp. 3d 111, 134 (W.D.N.Y. 2020) ("A scheduling order entered by a court is 'not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" (quoting *Kassim v. City of Schenectady*, 221 F.R.D. 363, 365 (N.D.N.Y. 2003))). Therefore, this Court cannot say that Judge McCarthy's holding the parties to the strictures of his CMO, including the requirement of requesting any extensions a week in advance, was an abuse of discretion or clear error. *See, e.g.*, *Gentner v. Navient Sols., Inc.*, 2022 WL 3334269, at *3 (W.D.N.Y. Aug. 12, 2022) (this Court's finding no clear error in Judge McCarthy's denying *agreed upon* extension request made on the eve of the deadline). And absent an abuse of discretion or clear error, this Cout cannot second-guess a magistrate judge's decision on a non-dispositive matter. *See Maxwell*, 2015 WL 5793403, at *1.

## III.    MOTION TO COMPEL

Ikonick also asked Judge McCarthy to compel production of the keys for inspection. In support of this argument, Ikonick noted that Provenzi had failed to supplement his discovery responses regarding the keys—an obligation that continues even after the discovery deadline. *See* Fed. R. Civ. P. 26(e). Having never objected to the discovery request to "[p]roduce for inspection all sets of keys to the vehicle in

possession of . . . Provenzi, or any member of [his] family," Docket Item 157-2 at 8, Ikonick says, Provenzi is still obligated to produce the keys even though the fact discovery deadline has come and gone.

In rejecting this argument, Judge McCarthy observed that "Rule 26(e) makes clear that the duty to supplement exists only 'if the additional or corrective information has not otherwise been made known to the other parties during the discovery process.'" *Id.* at 8. And "[h]ere, Provenzi corrected his initial response by sending Ikonick a photo of the keys on March 19, 2025, and testifying on April 25, 2025[,] that he was in possession of the keys." *Id.* Thus, Judge McCarthy concluded, Provenzi was under no obligation to supplement the response.

This Court agrees. It was clear from the photograph produced in March 2025 and the deposition testimony in April that Provenzi in fact had the keys. As Ikonick notes, *see* Docket Item 157 at 2-3, 14, Provenzi never objected to Ikonick's request to "[p]roduce for inspection all sets of keys to the vehicle in possession of . . . Provenzi, or any member of [his] family," *see* Docket Item 157-2 at 8; Docket Item 157-3 at 9. That request clearly was relevant to the case, and the Court sees no reason why it was not "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Thus, Provenzi was obligated to make the keys available for an inspection. *See id.* The problem for Ikonick, however, is that it did not actually ask to inspect the keys until May 7—and even that request was somewhat equivocal: "It is *very likely* that we are going to require inspection of your client's keys[] that he testified he still has possession of. Please start making arrangements now to get them to your office." Docket Item 155-5 at 2 (emphasis added). So while the discovery demand and lack of objection may have

obligated Provenzi to make the keys available for inspection, Ikonick failed to definitively request such an inspection until it was too late.

Again, this Court recognizes that reasonable minds could differ on whether Ikonick's claimed confusion about Provenzi's willingness to make the keys available warranted an extension of the time to conduct such inspection. But, as explained above, this Court cannot find that Judge McCarthy—who managed and was familiar with discovery since the case's inception—abused his discretion or clearly erred when he denied the requested extension.

## IV.     MOTION TO STAY EXPERT DISCOVERY

While awaiting this Court's decision on the other two motions, Ikonick moved to stay expert discovery. Docket Item 159. More specifically, Ikonick argued that "the final resolution of [its o]bjection and the issues addressed therein, which remain critically important to expert discovery, will not occur until after the deadline for rebuttal disclosures has passed." *Id.* at 4. And, Ikonick urged, "[i]If Ikonick proceeds with expert discovery under the current deadline and [its o]bjection is granted, expert discovery will, practically speaking, restart." *Id.*

Judge McCarthy denied the motion to stay as a "belated attempt to inspect the vehicle which is the subject of this litigation." Docket Item 164 at 1. Among other things, Judge McCarthy found that Ikonick had not "shown more than a 'mere possibility' that [this Court would] disagree" with his decisions. *Id.* at 3. Judge McCarthy also found that even though the United States, who has custody of the vehicle, had no objection, any attempt to inspect the vehicle was fact discovery that could not be done without his permission outside the discovery period. *Id.* at 5.

11

Once again, this Court finds no abuse of discretion or clear error that would warrant its stepping in and disturbing Judge McCarthy's order. First, because this Court now has affirmed Judge McCarthy's decision on the other two motions, there was no error in denying the request to stay in case this Court overruled those decisions. Second, as to the vehicle inspection, there is case law supporting Judge McCarthy's assessment that an expert's inspection of a vehicle is fact, not expert, discovery. *See, e.g., Seoul Semiconductor Co., Ltd. v. Feit Electric Co., Inc.*, 2025 WL 1145962, at *5 (C.D. Cal. Mar. 14, 2025) (explaining that "a party may not seek or develop fact discovery from the other party (or witnesses related to that party) after the close of fact discovery to provide the results of that discovery to an expert for analysis during expert discovery" and "an expert may not start and conclude his or her own proprietary testing during expert discovery"); *Finjan, LLC v. Qualys Inc.*, 2020 WL 6581836, at *1 (N.D. Cal. Nov. 10, 2020) ("Just because you want access to materials for the purpose of enabling your expert to conduct an analysis and write a report doesn't mean you're asking for expert discovery. The plain language of Rule 26 makes clear that expert discovery means discovery *of* the expert, not *by* the expert."). Thus, the Court cannot find that Judge McCarthy's ruling that any inspection of the vehicle (even if on consent) was required to take place during fact discovery was clearly erroneous or an abuse of discretion.

## <u>CONCLUSION</u>

For the reasons stated above, Judge McCarthy's orders denying Ikonick's motions for an extension of time and to compel, Docket Item 156, and to stay, Docket Item 164, are AFFIRMED.  The case is referred back to Judge McCarthy for further proceedings consistent with the referral order of May 13, 2021, Docket Item 22.

SO ORDERED.

Dated:      December 23, 2025
            Buffalo, New York


                                    */s/ Lawrence J. Vilardo*
                                    LAWRENCE J. VILARDO
                                    UNITED STATES DISTRICT JUDGE

13